# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

TIMOTHY LUSHER,                    )
                                   )
      Plaintiff,                 )
                                   )
v.                                 )      CAUSE NO.: 2:12-cv-37-TLS
                                   )
NORFOLK SOUTHERN RAILWAY           )
COMPANY                            )
                                   )
      Defendant.                 )


## OPINION AND ORDER

This matter is before the Court on the Defendant, Norfolk Southern Railway Company's,

Motion for Summary Judgment [ECF No. 21] and Brief in Support of Defendant's Motion for

Summary Judgment [ECF No. 22] filed on August 30, 2013. The Plaintiff, Timothy Lusher, filed

a Response [ECF No. 23] on September 10, 2013. The Defendant filed a Reply [ECF No. 24] on

September 24, 2013.


## PROCEDURAL BACKGROUND

The Court entered an Order [ECF No. 25] referring the Defendant's Motion to the

Honorable John E. Martin, Magistrate Judge for the Northern District of Indiana, pursuant to 28

U.S.C. § 636(b) and Local Rule 72-1. Upon review of the matter, Magistrate Judge Martin filed

his Findings, Report, and Recommendation of United States Magistrate Judge Pursuant to 28

U.S.C. § 636(b)(1)(B) & (C) [ECF No. 27] on March 13, 2014. Magistrate Judge Martin

recommended that this Court grant the Defendant's Motion.

The Plaintiff then filed an Objection to the Report and Recommendation of the

Magistrate Judge Pursuant to Federal Rule of Civil Procedure 72 [ECF No. 28], the Defendant

filed a Response [ECF No. 29], and the Plaintiff did not file a reply. In this case the Plaintiff has

objected to the two central pieces of Magistrate Judge Martin's analysis.

## SUMMARY JUDGMENT STANDARD

### A.    Report and Recommendation Review

A party who objects to the report and recommendation of the magistrate judge must "file

specific written objections" to the report and recommendation within 14 days of being served the

report. Fed. R. Civ. P. 72(b)(2). The district court judge is to review de novo those portions of

the magistrate judge's report to which a written objection has been made. Fed. R. Civ. P.

72(b)(3); *see, e.g.*, *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because

the objections in the case are to the two main pieces of the Summary Judgment analysis, this

Court is essentially reviewing the entire Summary Judgment Motion using the de novo standard.

### B.    General Standard

The moving party bears the responsibility of informing the court of the basis for summary

judgment and identifying the pleadings, depositions, answers to interrogatories, and admissions,

along with any affidavits that demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Rule 56(a) provides that "[t]he court shall

grant summary judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." The nonmoving party must go

beyond the pleadings and designate specific facts that show there is a genuine issue for trial by

his own affidavits or depositions, answers to interrogatories, and any admissions on file. *Celotex*,

477 U.S. at 324. When reviewing evidence to determine if there is a genuine issue as to a material fact, the court should draw all reasonable inferences in favor of the nonmoving party. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009). The judge's role in summary judgment is to determine whether there is a genuine issue for trial, not to weigh the evidence presented. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Plaintiffs suing under the Federal Employers Liability Act ("FELA") carry a lightened burden of proof, which makes it easier for them to withstand a motion for summary judgment. *Lisek v. Norfolk and W. Ry. Co.*, 30 F.3d 823, 832 (7th Cir. 1994). A FELA plaintiff can survive a motion for summary judgment "when there is even slight evidence of negligence." *Id*. (quoting *Harbin v. Burlington N. R.R. Co.*, 921 F.2d 129, 131 (7th Cir. 1990)). A court should not grant summary judgment where the plaintiff has provided some evidence for his claim, even if the theory may be improbable. *Crompton v. BNSF Ry. Co.*, 745 F.3d 292, 298 (7th Cir. 2014). This does not mean, however, that a FELA plaintiff is impervious to a summary judgment decision. *Lisek*, 30 F.3d at 832. Summary judgment is properly granted if the plaintiff provides no evidence to support his claim of negligence. *Id. See also Williams v. Nat'l R.R. Passenger Corp.*, 161 F.3d 1059, 1061–62 (7th Cir. 1998) (holding FELA plaintiff who provides no evidence of negligence will lose at summary judgment); *McGinn v. Burlington N. R.R. Co.*, 102 F.3d 295, 300–01 (7th Cir. 1996) (holding FELA plaintiff must provide some evidence of negligence). Notably, FELA claims do receive a relaxed standard of causation—a case must be sent to the jury if "the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994) (quoting *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506 (1957)).

## C.       Evidentiary Standard

In the present case, the Defendant points out that the only evidence the Plaintiff provides is his own deposition testimony. The Seventh Circuit has repeatedly emphasized that describing affidavits and depositions as "self-serving" cannot denigrate admissible evidence a party may use to defend a motion for summary judgment. *Hill v. Tangherlini*, 724 F.3d 965, 967 (7th Cir. 2013); s*ee also Navejar v. Iyiola*, 718 F.3d 692, 697 (7th Cir. 2013) (holding the Seventh Circuit had "long ago buried" the misconception that a nonmovant cannot prevent summary judgment with uncorroborated testimony); *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010) (same). The validity of a self-serving statement depends on whether the statement is based on firsthand experience or mere speculation. *Whitlock v. Brown*, 596 F.3d 406, 411 (7th Cir. 2010). Uncorroborated testimony cannot serve to prevent summary judgment if the claim is based on "speculation, intuition, or rumor" or is inherently implausible. *Darchak v. Chi. Bd. of Educ.*, 580 F.3d 622, 631 (7th Cir. 2009) (citing *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003)). Personal statements sufficient to withstand summary judgment must be grounded in observation or other firsthand personal experience. *See Payne*, 337 F.3d at 772 (quoting *Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991)).

Although self-serving statements based on firsthand experience can be used to prevent summary judgment, Rule 56(e) requires the nonmoving party to set forth "specific facts" that show there is an issue for trial. *Celotex*, 477 U.S. at 324. "Conclusory allegations, unsupported by specific facts, will not suffice." *Payne*, 337 F.3d 767, 772 (7th 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

**STATEMENT OF FACTS**

The Plaintiff, Timothy Lusher, worked as a conductor for the Defendant, Norfolk Southern Railway Company. On June 3, 2009, the Plaintiff started his shift at 3:00pm and was putting away "cuts," or groups, of railcars on the north side of the rail yard. The Plaintiff had to apply the hand brake[1] on the first and second railcars in each group to ensure the cars did not move. Using a brake stick to apply the hand brake on the second car in a group, the Plaintiff turned the brake wheel six or seven times. At that time the brake stick disengaged from the brake wheel, throwing the Plaintiff's hand onto the crossover platform of the railcar causing an injury to his hand.

The Plaintiff notified the yardmaster of his injury and was taken to the Elkhart General Hospital where he was diagnosed with a fractured right index finger and lacerated middle finger. The Terminal Superintendent, Terry Chapman, met the Plaintiff at the hospital. Mr. Chapman helped the Plaintiff fill out a Personal Injury Report. In this Report, the Plaintiff indicated that no equipment was involved in his injury. Following the incident, Mr. Chapman inspected the brake stick that the Plaintiff had been using and found no defect. The Defendant's mechanical department inspected the railcar the Plaintiff had been working on and found no issue with the hand brake. In his deposition, the Plaintiff said that prior to the incident he did not notice anything wrong with the brake stick or hand brake, but said that he did not have an opportunity to inspect either after the incident and therefore could not say if anything was wrong with the equipment.

Also in his deposition, the Plaintiff said that he generally found brake sticks to be unsafe because the user cannot tell when tension is rising in the brake wheel and when it might "free

---

[1] Although the parties do not define the terms "hand brake" and "brake stick" in their briefs, the Court understands a hand brake to be a brake on the back of a railcar that is applied by turning a brake wheel. A brake stick attaches to the hand brake and is used to crank the brake wheel.

wheel" after catching. *Lusher Dep.* p. 31, ll. 18–25; p. 32 ll. 1–10. The Plaintiff speculated that

rising tension might have been what caused the brake stick to disengage, but could not say for

sure because everything happened so quickly. In his Response, the Plaintiff contends, "[He]

himself had requested NSRC to allow him to apply the hand brake without a brake stick, but that

request was denied." (Pl.'s Resp. 3, ECF No. 23.). He also stated that the Defendant would write

up employees if they failed to use brake sticks. The Plaintiff stated that he did not believe the

accident would have occurred if he had not been using a brake stick. The Plaintiff stated that he

had not heard of anyone ever being injured while applying a hand brake by hand, but that he

knew of another Norfolk employee who had been injured while using a brake stick. Additionally,

the Plaintiff indicated that the walkway where he had been working was covered in large ballast

stone, as opposed to smaller walking stone, and he claimed that the large stone made for poor

footing and could have contributed to the accident, though he did not remember whether he

slipped during the incident.

The Defendant points out that despite the statement in his brief, the Plaintiff actually said

during his deposition that "[t]hey've always tried to get the railroad not to use them [brake

sticks] . . . ." *Lusher Dep.* p. 30, ll. 13. In his Brief the Plaintiff tried to characterize this

statement as being more significant than it actually is by stating in the Brief that "Lusher

himself" had requested to apply the hand brake without a brake stick. The Plaintiff's actual

deposition testimony, however, simply says "they've always tried." Without more, this is

insufficiently vague testimony and does not support the statement the Plaintiff made in his Brief.

The Defendant also denies that employees were required to use brake sticks. The Defendant

submitted the Declaration of Terry Chapman, Norfolk Southern's Terminal Superintendent. Mr.

Chapman provided a Terminal Superintendent's Notice that had been issued on June 6, 2008,

that made the use of brake sticks at the Elkhart Yard optional, except during inclement weather

and on "high hand" brakes. Mr. Chapman said that Norfolk Southern employees are responsible

for reading notices and that if the Plaintiff had any questions about what the notice meant he was

responsible for seeking clarification. Mr. Chapman also provided a second notice, which

indicated the first notice would remain in effect for the year 2009.


## ANALYSIS

**A.     Negligence: Federal Employers Liability Act ("FELA")**

The Plaintiff alleges that the Defendant violated 45 U.S.C. § 51. The statute provides in

relevant part:

> Every common carrier by railroad while engaging in commerce between any of
> the several States or Territories . . . shall be liable in damages to any person
> suffering injury while he is employed by such carrier in such commerce . . . for
> such injury or death resulting in whole or in part from the negligence of the
> officers, agents, or employees of such carrier, or by reason of any defect or
> insufficiency, due to its negligence, in its cars, engines, appliances, machinery,
> track, roadbed, works, boats, wharves, or other equipment.

A plaintiff suing under FELA must prove the common law elements of negligence: duty,

breach, foreseeability, and causation. *Williams v. Nat'l R.R. Passenger Corp.*, 161 F.3d 1059,

1062 (7th Cir. 1998); *Fulk v. Ill. Cent. R.R. Co.*, 22 F.3d 120, 124 (7th Cir. 1994). The Plaintiff

argues that the Defendant breached its duty to provide a safe work place by requiring him to use

a brake stick despite knowing that brake sticks are generally unsafe and by covering a walkway

where employees worked with large ballast stone. The Plaintiff also argues that the facts of this

case warrant an inference of negligence under the doctrine of *res ipsa loquitur*.

**1.** *Brake Stick Requirement*

The parties dispute whether the Defendant required its employees to use brake sticks to apply hand brakes. The Defendant provided Terminal Superintendent Notices that indicated the brake sticks were not mandatory, but the Plaintiff alleges employees would be written up if they failed to use brake sticks. Notably, though, a plaintiff must provide evidence that shows a reasonable person would have foreseen the potential harm. *Williams*, 161 F.3d at 1062; *McGinn v. Burlington N. R.R. Co.*, 102 F.3d 295, 300 (7th Cir. 1996). Foreseeability may be established by showing that the employer had actual or constructive notice of the circumstances that created the potential for harm. *Holbrook v. Norfolk S. Ry. Co.*, 414 F.3d 739, 742 (7th Cir. 2005) (citing *Williams*, 161 F.3d at 1063). In this case, the dispute over whether the Defendant required the use of brake sticks is immaterial because it does not impact the outcome on the issue of foreseeability, and the Plaintiff has failed to provide sufficient evidence that the Defendant knew brake sticks posed a risk. Because whether the use of brake sticks were mandatory does not alter the outcome of the case, any dispute over that fact is immaterial and does not permit the Plaintiff to overcome summary judgment on that point. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

Two recent Seventh Circuit cases involved evidentiary issues similar to those in the case at hand, *Payne v. Pauley* and *Darchak v. City of Chicago Board of Education*. In both cases the plaintiffs relied only on their own testimony as evidence to withstand summary judgment. The Court in each case held that the affidavit from the plaintiff was enough to avoid summary judgment. In *Payne*, the plaintiff provided a detailed account of what had occurred on the day of the incident in question. 337 F.3d 767, 773 (7th Cir. 2003). Although her testimony differed

greatly from the defendant's, her testimony was specific and based on her firsthand experience with the defendant and was therefore accepted as true for the purposes of summary judgment. *Id*. In *Darchak*, the plaintiff testified about derogatory comments the defendant directed at her. 580 F.3d 622, 631 (7th Cr. 2009). The plaintiff's deposition contained specific comments the defendant made directly to her, which prevented summary judgment even though it was the plaintiff's only evidence. *Id*. at 631–32. Although those plaintiffs made self-serving statements, they did so from firsthand experience and with enough factual specificity to overcome a motion for summary judgment.

In the case at hand, the Plaintiff stated in his deposition that he thought the brake sticks were unsafe, and that "[t]hey've always tried to get the railroad not to use them." In his Response the Plaintiff characterized this statement as a personal request to the Railroad to exempt him from using a brake stick. This characterization is quite a stretch from what the Plaintiff actually testified to under oath in his deposition. His statement during his deposition simply provides a vague statement that "they've always tried." He does not indicate who "they" is, what "always" means, or what "tried" means. The Plaintiff does not provide any firsthand account or documentation regarding any requests he has personally made to the Defendant, nor does he provide any testimony or documentation from any coworker who has made such a request. Therefore, the Court cannot rely on the Plaintiff's vague statement during his deposition testimony, without anything else, to hold that the Defendant was on notice regarding the Plaintiff's alleged belief that brake sticks were unsafe.

The Plaintiff also states that he knows of another Norfolk employee who had been injured while using a brake stick. In his Objection to the Recommendation, the Plaintiff argues that this incident would have put the Defendant on notice that brake sticks are a hazard. Again, however,

the Plaintiff's statement lacks specific supporting facts. The Plaintiff knows the name of the man who was injured and states that he was hurt while using a brake stick. The Plaintiff provides no specific evidence, however, regarding this incident if it did occur. He offers nothing to demonstrate that the brake stick was an established cause, whose fault that incident was, and whether the Defendant was even on notice of the incident the Plaintiff is referencing. Deposition testimony from the Plaintiff that he knows of a man who was injured by a brake stick is not enough to prove that the Defendant was on notice that brake sticks are dangerous. The Plaintiff provides no testimony from the person who was allegedly injured, no documentation regarding any such incident, and no details about such an incident. Without additional supporting evidence, the Plaintiff's statements do not provide evidence of a genuine issue of material fact that would allow the Plaintiff to withstand summary judgment.

Finally, the Plaintiff argues that the fact the Defendant issued a notice in 2008 no longer requiring its employees to use brake sticks is evidence they knew the brake sticks were unsafe. Uncorroborated testimony, however, cannot serve to prevent summary judgment if the claim is based on speculation or intuition. The Plaintiff provides no evidence that the Defendant changed its policy because they knew brake sticks were dangerous. He merely speculates that the notice could be evidence the Defendant knew brake sticks posed a risk and thus stopped requiring employees use them. Such speculation is not evidence.

2.      *Ballast Stone*

The Plaintiff alleges that the ground where he was working at the time of the incident was covered in large ballast stone as opposed to smaller walking stone. The Plaintiff claims the ballast stone does not provide as good of footing as walking stone, and stated that poor footing *might have* contributed to the accident. Here, as above, the Plaintiff must prove the four common

10

law elements of negligence—duty, breach, causation, and damages—in order to prove the Defendant violated FELA. *Williams*, 161 F.3d at 1062; *Fulk*, 22 F.3d 120, 124 (7th Cir. 1994).

Even if the Court assumes that the Defendant knew large ballast stone was unsafe and could have foreseen the danger it posed, which the Plaintiff has not shown anyway, the Plaintiff still has to prove causation. When asked whether anything besides the brake stick and brake wheel caused the incident, the Plaintiff said "I can't say it absolutely caused it, I can say it didn't help it: the ballast rock." *Lusher Dep*. p. 54, ll. 3–8. The Plaintiff then proceeded to say he did not recall either of his feet slipping at the time of the incident. *Id*. at ll. 18–20. The Plaintiff provides no evidence that the stone caused or contributed to the accident in any way. Without evidence of causation, the Defendant cannot be held negligent under FELA.

## 3.     *Res Ipsa Loquitur*

The Plaintiff's last major FELA argument is that the doctrine of *res ipsa loquitur* would permit a jury to infer negligence based on the facts of the case. If the jury could infer negligence, summary judgment would be precluded. The Supreme Court has held that the doctrine of *res ipsa loquitur* is applicable to FELA cases and permits an inference of negligence. *Robinson v. Burlington N. R.R. Co.*, 131 F.3d 648, 652 (7th Cir. 1997) (citing *Jesionowski v. Bos. & Me. R.R.*, 329 U.S. 452 (1947)). *Res ipsa loquitur* is appropriately applied when (1) the injury is of a kind that does not usually occur in the absence of negligence, (2) the instrument that caused the injury is in the exclusive control of the defendant, and (3) the plaintiff is not at fault in causing the injury. *Id.* The Supreme Court has held that a jury can use the doctrine of *res ipsa loquitur* to infer negligent behavior in FELA claims after it finds the plaintiff's conduct did not contribute to the accident. *Robinson*, 131 F.3d at 653–54. Notably, the Plaintiff only cited *Jesionowski*, which

lays out the general doctrine of *res ipsa loquitur*, but did not cite any cases applying the doctrine in cases similar to this one.

The Seventh Circuit has applied the doctrine of *res ipsa loquitur* in certain situations. The Court has specifically noted that

> [u]nderlying the rule is the tenet that certain accidents are so unusual that the party shown to be in exclusive control of the injuring object ought to be held responsible unless that party can offer a reasonable explanation. The rule relieves a plaintiff who, for example, opens a new tin of chewing tobacco and finds inside a human toe, from having to show exactly what act was responsible for the toe's inclusion in his tobacco."

*Newell v. Westinghouse Elec. Corp.*, 36 F.3d 576, 579 (1994) (citing *Pillars v. R.J. Reynolds Tobacco Co.*, 117 Miss. 490 (1918)). The Court in *Jesionowski* noted that "[d]erailments are extraordinary, not usual, happenings." 329 U.S. at 458. Ultimately, the first element of the doctrine requires the Court to determine whether the Plaintiff has presented evidence to show that the incident at issue is of the type that does not usually occur in the absence of the Defendant's negligence. Notably, while the doctrine of *res ipsa loquitur* can certainly apply in FELA cases, it "does not apply in the case of an ordinary accident that could have occurred absent some negligence by the defendant." *Smith v. CSX Transp.*, 1:04CV1501DFHTAB, 2006 WL 231494, n.2 (S.D. Ind. Jan. 31, 2006) (citing *Robinson*, 131 F.3d at 652–55). Finally, the Supreme Court has made clear that the FELA statute does not make a railroad into a worker's insurer and that the basis of liability is the railroad's negligence, not the mere fact that injuries occurred. *Robinson*, 131 F.3d at 651–52.

The Plaintiff's injury did not occur as a result of an extraordinary event. He was putting away a group of railcars and tying the hand brakes using a brake stick as he had done numerous times before. It was not a derailment; it was not a toe showing up in a tin of chewing tobacco; and it was not a flour barrel falling out of a warehouse window onto a passerby. *See Byrne v.*

12

*Boadle*, 2 H & C 722, 159 Eng. Rep. 299 (1863) (the original *res ipsa loquitur* case). Those are

the type of accidents that *res ipsa loquitur* is meant to cover—not the "ordinary accident" that

could have occurred without negligence by the Defendant. *Smith,* 2006 WL 231494, n.2. This

was an ordinary accident stemming from an ordinary event that led to an injury that could have

been caused by any number of factors—the most obvious of which is the negligence of the

Plaintiff, who was operating the hand brake and the brake stick.

The Plaintiff's *res ipsa loquitur* claim fails for a number of reasons. First, this is simply

not the type of extraordinary incident covered by the doctrine. Second, the Plaintiff has not

offered any evidence showing that the Defendant was in exclusive control of the hand brake and

brake stick. And finally, the Plaintiff has provided no evidence that rules out the variety of

possible causes of the injury—most importantly he has not ruled out the possibility that his own

negligence caused the injury. For all those reasons, the doctrine of *res ipsa loquitur* does not

apply in this case and cannot be used to withstand summary judgment.


**B.     Federal Safety Appliance Act ("FSAA")**

The FSAA provides that railroad carriers may only use vehicles, locomotives, and trains

equipped with certain safety appliances. 49 U.S.C. § 20302. The FSAA does not create an

independent cause of action; employees who allege employers have violated the FSAA may sue

under FELA. *Lisek v. Norfolk and W. R.R. Co.*, 30 F.3d 823, 825–26 (7th Cir. 1994). However,

the FSAA imposes an absolute duty on employers. *Id*. at 826. Plaintiffs attempting to prove an

FSAA violation only have to show that the statute was violated in order to recover. *Id*. Here, the

Plaintiff alleges that the Defendant violated the FSAA provision that stipulates a railroad carrier

can only use a vehicle if it is equipped with "efficient hand brakes." 49 U.S.C. § 20302(a)(1)(B).

A plaintiff can establish inefficiency by showing either a particular defect or "a failure to function when operated with due care, in the normal, natural, and usual manner." *Richards v. Consol. Rail Corp.*, 330 F.3d 428, 432 (6th Cir. 2003) (quoting *Myers v. Reading Co.*, 331 U.S. 477, 483 (1947)). Using the latter method, a plaintiff does not need to show an actual break or visible defect with the appliance. *Id.* at 433. As long as a plaintiff can prove the appliance malfunctioned at the time of the incident, it is irrelevant whether the appliance worked efficiently before or after the accident. *Id.*

The Defendant does not dispute that the brake stick became disengaged from the hand brake at the time the Plaintiff injured his hand. The Defendant argues, however, that the Plaintiff provided no evidence to support his claim that the hand brake operated inefficiently at the time of the incident. The Plaintiff does not dispute the facts the Defendant cites to show that no physical defects were found with the brake stick or hand brake before or after his injury. The Plaintiff argues, though, that his statements during his deposition that brake sticks are prone to disengage from hand brakes and the fact the brake stick actually disengaged is evidence the jury could use to conclude the hand brake was inefficient.

The Plaintiff relies heavily on the Sixth Circuit case, *Richards v. Consolidated Rail Corp.* In *Richards*, the court held that plaintiffs alleging an FSAA violation may use the doctrine of *res ipsa loquitur* to prove FSAA claims. 330 F.3d at 432 (citing *Didinger v. Pa. R.R. Co.*, 39 F.2d 798, 799 (6th Cir. 1930)). The failure of an appliance to work under normal operation speaks for itself and would permit a jury to infer the appliance was inefficient. *Didinger*, 39 F.2d at 799. The nonmoving party would survive a motion for directed verdict or summary judgment then, if they provided evidence that the accident was consistent with the existence of some defect. *Id.* at 800.

14

In *Richards*, the plaintiff was a conductor of a train that made an inadvertent emergency stop. *Id*. at 431. Following the incident, the plaintiff inspected the train and ruled out every possible cause of the stop besides a defective valve control. *Id*. at 433. The court held that trial courts should consider plaintiffs' opinion about why an appliance malfunctioned when the opinion is "based on experience and perceptions at the time of their accident." *Id*. Because Richards had inspected the train and ruled out every other potential cause of the accident, the court held the jury could have concluded that he was stating "more than a mere assumption" and inferred the valve control was inefficient. *Id*.

The present case is distinguishable from *Richards*. The court in *Richards* considered the plaintiff's opinion evidence that would allow a jury to infer inefficiency. With no other possible cause of the stop, the jury could have reasonably inferred the valve control was inefficient. Here, the Plaintiff said he did not know what caused the brake stick to disengage, he merely stated that when his "hand hit the platform, the stick was no longer engaged in the wheel." *Lusher Dep.* p. 31, ll. 9–10. He speculated that tension in the brake wheel might have caused the incident, but said he was unsure what went wrong because everything happened at "the same time." Id. at ll. 8–9. The statements that the Plaintiff relies on as evidence are not based on specific perceptions at the time of the incident. The few statements he offered in his deposition that are based on specific, firsthand experiences demonstrate that he is unsure about what happened. His uncertainty about what happened, demonstrates that his commentary on what *may have happened* is merely speculation and cannot be considered evidence. As a result, his deposition testimony does not provide a basis for a jury to infer the hand brake had operated inefficiently.

In his Objection to the Report and Recommendation, the Plaintiff argues that "it is enough to create a triable issue that the appliance did not work at the time the employee was

15

injured." The attempt to gain an inference is similar to a *res ipsa loquitur* argument. But the Plaintiff misinterprets the holding in *Richards*, which stands for the proposition that a plaintiff can withstand a motion for summary judgment on FSAA claims when the plaintiff provides evidence that would allow the jury to infer the hand brake operated inefficiently at the time of the incident. *See Richards*, 330 F.3d at 433 (finding the plaintiff's testimony based on experience, training, and visual inspection of the train sufficient evidence to allow the jury to infer inefficiency); *see also Myers v. Reading Co.*, 331 U.S. 477, 484 (holding plaintiff's testimony about a brake acting abnormally prior to the incident enough evidence for jury to infer inefficiency); *Didinger*, 39 F.2d at 799 (holding plaintiff's testimony about properly setting brake allowed the jury to infer inefficiency when the brake didn't operate correctly). The holding does not allow a plaintiff to withstand summary judgment simply because the brake stick became disengaged from the brake wheel; there must be evidence that would allow a jury to infer the hand brake operated inefficiently as opposed to some other reason for the disengagement. The Plaintiff said he did not know what caused the accident and said he did not notice anything wrong with the brake stick or hand brake prior to the accident. *Lusher Dep*. p. 29, ll. 6–8. He simply states that the brake stick became disengaged. Because the Plaintiff offers no evidence from which a jury could conclude that the hand brake was inefficient, summary judgment is warranted on the FSAA claim.

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES the Plaintiff's Objection [ECF No. 28], ADOPTS the Magistrates Report and Recommendation [ECF No. 21] in accordance with

this Opinion and Order, and therefore GRANTS the Defendant's Motion for Summary Judgment

[ECF No. 21]. The Clerk will enter judgment in favor of the Defendant and against the Plaintiff.

SO ORDERED on August 8, 2014.

s/ Theresa L. Springmann_____
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION